David R. Jordan, Ariz. Bar No. 013891
***The Law Offices of David R. Jordan, P.C.***
1995 State Road 602
PO Box 840
Gallup, NM 87305-0840
(505) 863-2205
Fax: (866) 604-5709
david@jordanlegal.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| SHAWN SLIM,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA;<br>PHILBERT TODDY,<br><br>　　　　Defendants. | No._____<br><br>**COMPLAINT** |

Plaintiff alleges:

1. This action arises under the federal tort claims act, 28 USC § 2674, et seq., and the Indian Self-Determination and Education Assistance Act of 1975, popularly known as "Public Law 93-638", 25 U.S.C. § 450, et seq. ("ISDEAA"). This action also arises under the doctrine of *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971).

2. This Court has jurisdiction based upon *Bivens* and based upon the Federal Tort Claims Act, 28 USC § 1346(b) and § 2674, and the ISDEAA, 25 U.S.C. § 450f(d).

3. Philbert Toddy was employed as an employee of a federal contractor under the ISDEAA and was, accordingly, a federal employee under the Federal Tort Claims

1

Act. The United States is liable for the torts of Mr. Toddy. Upon information and belief, Mr. Toddy has a special law enforcement commission to act as a federal officer issued by the U.S. Bureau of Indian Affairs.

4. Pursuant to 28 USC § 2675, Plaintiff states that six months have expired since the submission of his claim with the Bureau of Indian Affairs. Accordingly, Plaintiff has exhausted his administrative remedies.

5. Defendant Toddy, while employed by a United States Indian Contractor under ISDEAA and while acting within the scope of his duties for the contractor, caused bodily injury to Plaintiff.

6. While on a routine traffic stop, Toddy ordered Slim out of the vehicle. He twisted his right arm and pushed Slim to the ground. Slim hit his chin on the pavement as the officer pinned him with extensive force to a point where he couldn't maneuver. Toddy then hit slim with blunt force to his right cheek three times that produced brief deliria with bruising. Slim yelled twice, "I'm not resisting". Subsequently, Slim's head was quickly crushed on the ground by Toddy's front boot. Toddy stepped down on Slim's left temple to just above my left ear that resulted in visible sole prints, a black eye, an erupted eye vessel and a broken nose. At some point between the three hits, Slim was hand cuffed. Slim was then brought up moaning at the pain of the force he had received while being escorted to the police vehicle.

**FIRST CLAIM FOR RELIEF**

**(Negligence)**

7. Plaintiff realleges every allegation of the complaint.

8. The United States is vicariously liable for the failure of the Navajo Nation to conform to its legal duty to properly supervise Defendant Toddy.

9. This failure directly caused Defendant Toddy's abuse of Plaintiff and the damages suffered by Plaintiff.

10. As a result of the actions of the Defendants, Plaintiff has suffered actual physical harm and extensive emotional harm and mental anguish.

11. Plaintiff hereby demands damages, in an amount to be determined at trial, plus interest, costs and such other relief as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF**

**(Denial of Due Process)**

12. Plaintiff realleges every allegation of the complaint.

13. Defendant Toddy, and the United States acting vicariously through Defendant Toddy, deprived Plaintiff of life, liberty and/or property without allowing due process of law.

14. This denial directly caused the damages suffered by Plaintiff.

15. As a result of the actions of the Defendants, Plaintiff has suffered actual physical harm and extensive emotional harm and mental anguish.

16. Plaintiff hereby demands damages, in an amount to be determined at trial,

plus interest, costs and such other relief as the Court deems appropriate.

**THIRD CLAIM FOR RELIEF**

**(Illegal Search and Seizure)**

17. Plaintiff realleges every allegation of the complaint.

18. Defendant Toddy, and the United States acting vicariously through Defendant Toddy, engaged in an unlawful seizure of Plaintiff's person.

19. This failure directly caused the damages suffered by Plaintiff.

20. As a result of the actions of the Defendants, Plaintiff has suffered actual physical harm and extensive emotional harm and mental anguish.

21. Plaintiff hereby demands damages in an amount to be determined at trial, plus interest, costs and such other relief as the Court deems appropriate.

**FOURTH CLAIM FOR RELIEF**

**(Battery)**

22. Plaintiff realleges every allegation of the complaint.

23. Defendant Toddy, and the United States acting vicariously through Defendant Toddy, engaged used excessive force upon the person of the Plaintiff. This excessive force was not necessary for the exercise of his law enforcement duties and constituted a battery upon the person of the Plaintiff.

24. This excessive force is actionable and directly caused the damages suffered by Plaintiff.

25. As a result of the actions of the Defendants, Plaintiff has suffered actual

physical harm and extensive emotional harm and mental anguish.

26. Plaintiff hereby demands damages in an amount to be determined at trial, plus interest, costs and such other relief as the Court deems appropriate.

## FIFTH CLAIM FOR RELIEF

**(Assault)**

27. Plaintiff realleges every allegation of the complaint.

28. Defendant Toddy, and the United States acting vicariously through Defendant Toddy, placed Plaintiff in immediate fear of an unlawful and unwelcome touching, constituting the tort of assault. The assault was not necessary for the exercise of Defendant Toddy's law enforcement duties.

29. This excessive force is actionable and directly caused the damages suffered by Plaintiff.

30. As a result of the actions of the Defendants, Plaintiff has suffered actual physical harm and extensive emotional harm and mental anguish.

31. Plaintiff hereby demands damages in an amount to be determined at trial, plus interest, costs and such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

32. Plaintiff hereby demands a jury trial on all issues so triable.

**DEMAND FOR RELIEF**

WHEREFORE, having stated these claims against Defendants, Plaintiff requests damages in an amount to be proven at trial, plus interest, costs and such other relief as the Court deems appropriate.

DATED this 30th day of April, 2015.

                                ***The Law Offices of David R. Jordan, P.C.***

                                */s/ David R. Jordan filed electronically 4/30/15*
                                David R. Jordan
                                1995 State Road 602
                                PO Box 840
                                Gallup, New Mexico 87305
                                Attorney for Plaintiff