Patrick T. Mason
New Mexico Bar No. 27091
Mason & Isaacson, P.A.
P.O. Box 1772
104 E. Aztec Ave.
Gallup, NM 87305-1772
505-722-4463
Fax: 505-722-2629
p.mason@milawfirm.net

*Attorneys for Philbert Toddy*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Slim;<br><br>　　　　　Plaintiff,<br>　　v.<br><br>United States of America;<br>Philbert Toddy;<br><br>　　　　　Defendants. | Case No. 2:15-cv-00785-PHX-DJH<br><br>**REPLY IN SUPPORT OF UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING APPEAL** |

Defendant Philbert Toddy, by and through his attorneys of record, respectfully submits this Reply in Support of his Unopposed Motion to Stay Proceedings Pending Appeal. As grounds in support of its motion, Defendant STATES:

Defendant Toddy's Motion to Stay should be granted. "The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)

(denying request for partial stay). The four factors that govern the issuance of a stay pending appeal are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Defendant Toddy has made a strong showing of likely success on the merits of the appeal. As stated in the Notice of Appeal, the Supreme Court has "repeatedly held" that 28 U.S.C. § 1291 entitles a party to appeal not only final decisions "but also from a narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 114 S. Ct. 1992, 1995, 128 L. Ed. 2d 842 (1994) (internal quotations omitted) (*citing cf. Cobbledick v. United States*, 309 U.S. 323, 326, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940); and *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). Due to the dire impact on the Sovereign Immunity of the Navajo Nation, which is now being forced to assume liabilities undertaken by the United States, and also defend the same liabilities in Federal Court (Doc. 20), the appeal is by right under the Collateral Order Doctrine. *See Berrey v. Asarco Inc.*, 439 F.3d 636, 647 (10th Cir. 2006). A denial of tribal sovereign immunity, such as that which directly results from this

Court's granting of the United States' Motion to Dismiss, is an immediately appealable collateral order. *Id.* (*citing Osage Tribal Council ex rel. Osage Tribe of Indians v. U.S. Dep't of Labor*, 187 F.3d 1174, 1179 (10th Cir. 1999).

Further, in *Shirk v. U.S. ex rel. Dep't of Interior*, 773 F.3d 999, 1006 (9th Cir. 2014), the Ninth Circuit Court of Appeals ruled that the question is not whether an Officer has an SLEC card or was enforcing federal law, but what functions the officer was authorized to undertake pursuant to the Self-Determination contract. This same issue is on appeal in the present case, and the Defendant is confident in his likelihood of success. The Eight Circuit Court of Appeals also recently ruled that a tribal officer was a "federal officer," for purposes of statute, even though she was enforcing tribal law at time of incident, because the United States had entered into a Self-Determination contract with tribe. *United States v. Janis*, No. 14-3888, 2016 WL 191934 (8th Cir. Jan. 15, 2016).

Second, Defendant Toddy and the Navajo Nation will be irreparably injured by further proceedings in this case without resolution of the issues appealed to the Ninth Circuit. The United States claims that "there is no risk of injury in allowing the United States to dispose of the defective appeal while Officer Toddy and Plaintiff litigate the *Bivens* claims." The United States asks that that the Navajo Nation be forced to litigate these claims in Federal court, which is a clear violation of its sovereignty, and which will be a great expense to both the Navajo Nation and the Plaintiff.

Sovereign nations "possess other attributes of sovereignty resting also upon the basis of universal consent and recognition. <u>They cannot be sued without their consent</u>." *United States v. Thompson*, 98 U.S. 486, 489, 25 L. Ed. 194 (1878) (emphasis added) (internal citations omitted). This sovereignty flows from the very nature of being a sovereign nation. The Navajo Nation has long been regarded as possessing the attributes of sovereignty, except where they have been taken away by Congressional action. *Williams v. Lee*, 358 U.S. 217, 219, n. 4, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959); *Choctaw and Chickasaw Nations v. Seitz*, 193 F.2d 456, 458 (10 Cir., 1951); *Cherokee Nation v. Southern Kansas Railway Co.*, 135 U.S. 641, 653, 10 S.Ct. 965, 34 L.Ed. 295 (1890); *Native American Church v. Navajo Tribal Council*, 272 F.2d 131, 133 (10 Cir., 1959); *Iron Crow v. Oglala Sioux Tribe of Pine Ridge Res.*, 231 F.2d 89, 92 (8 Cir., 1956). "Indian nations, as an attribute of their quasi-sovereignty, are immune from suit, either in the federal or state courts, without Congressional authorization." *Maryland Cas. Co. v. Citizens Nat. Bank of W. Hollywood*, 361 F.2d 517, 520 (5th Cir. 1966); *Iron Crow v. Oglala Sioux Tribe of Pine Ridge Res., supra*; *Cf. Williams v. Lee*, supra; *Haile v. Saunooke*, 246 F.2d 293, 297 (4 Cir., 1957); *Colliflower v. Garland*, 342 F.2d 369, 376 (9 Cir., 1965)[1]. In the present case, the stay should be granted

---

[1] Additionally, "statutes passed for the benefit of dependent Indian tribes… are to be liberally construed, doubtful expressions being resolved in favor of the Indians." *Bryan v. Itasca County*, 426 U.S. 373, 392 (1976) (internal quotation marks and quoted authority omitted).

to avoid violating the sovereignty of the Navajo Nation, and to avoid wasting the time and resources of the Navajo Nation, the Plaintiff and the Court.

Third, the United States will not be injured if a stay is issued. In fact, a stay protects the interests of the United States as much as it protects the interests of the other parties. The United States is no longer a party to this action, and all remaining parties have agreed to a stay pending appeal. The United States argues that they would be injured by having to defend "multiple, separate track appeals", but Officer Toddy's appeal has already been filed, and the United States must now defend these "separate track appeals" whether a stay is granted or not[2]. If Officer Toddy's appeal is dismissed, there is no harm in waiting a few months before proceeding with litigation. However, if Officer Toddy is successful on appeal, he will ultimately be found by to be a federal employee in this case, and his interests will become concurrent with those of the United States. Without a stay, the Navajo Nation will have spent months defending a federal employee and likely taking positions that go directly against the interests of the United States. A stay protects the interests of the United States just as much as it protects the interests of Officer Toddy, the Navajo Nation, and the Plaintiff.

---

[2] The United States' litany of authorities interpreting Fed. R. Civ. P. 54(b) fails to account for the fact that these circumstances present a recognized *exception* to the rule. And even if the United States could make a showing of "substantial injury," it would have to be balanced against the injury to Defendant Toddy and the Navajo specifically described above.

5

Fourth, the public interest favors a stay under these circumstances. The United States regularly attempts to avoid liability in cases where a tribal police officer is sued for actions done in the scope of their employment pursuant to P.L. 93-638 contract. The United States has expressly assumed liability under these contracts, and the Eighth, Ninth and Eleventh Courts of Appeal have all upheld the express language of these contracts. The issues being appealed are critical to the resolution of this case as well as any pending and future cases arising under similar circumstances. This case is a perfect example of why there are exceptions to the policy against piecemeal litigation. In any case, the United States makes absolutely no argument that the public interest is in any way against a stay. Defendant Toddy's Motion meets the standard for granting a stay pending an appeal by right brought under the Collateral Order Doctrine.

WHEREFORE, Defendant Philbert Toddy respectfully requests this Court stay all proceedings in this matter pending a decision by the Ninth Circuit Court of Appeals.

Respectfully submitted this 29th day of January, 2016.

|   |   |
|---|---|
| 1 | MASON & ISAACSON, P.A. |
| 2 | By /s/Patrick T. Mason |
| 3 | Patrick T. Mason |
| 4 | New Mexico Bar No. 27091 |
| 5 | Mason & Isaacson, P.A. |
|   | P.O. Box 1772 |
| 6 | 104 E. Aztec Ave. |
|   | Gallup, NM 87305-1772 |
| 7 | 505-722-4463 |
| 8 | Fax: 505-722-2629 |
|   | p.mason@milawfirm.net |
| 9 | *Attorneys for Philbert Toddy* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 29st day of January, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **David Robert Jordan**<br>Law Offices of David R Jordan PC<br>P.O. Box 840<br>Gallup, NM 87305<br>505-863-2205<br>505-604-5709 (fax)<br>david@jordanlegal.com | **Kristina Louise Morrison**<br>US Attorneys Office - Phoenix, AZ<br>2 Renaissance Square<br>40 N Central Ave., Ste. 1200<br>Phoenix, AZ 85004-4408<br>602-514-7500<br>602-514-7760 (fax)<br>Kristina.Morrison@usdoj.gov |

By /s Patrick T. Mason
Patrick T. Mason
Mason & Isaacson, P.A.
p.mason@milawfirm.net