Patrick T. Mason
New Mexico Bar No. 27091
Mason & Isaacson, P.A.
P.O. Box 1772
104 E. Aztec Ave.
Gallup, NM 87305-1772
505-722-4463
Fax: 505-722-2629
p.mason@milawfirm.net

*Attorneys for Philbert Toddy and the Navajo Nation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shawn Slim;<br><br>Plaintiff,<br>v.<br><br>United States of America;<br>Philbert Toddy;<br><br>Defendant. | Case No. 2:15-cv-00785-PHX-DJH<br><br>**ANSWER** |

Defendant Philbert Toddy, hereinafter the "Individual Defendant", by and through his attorneys of record, Mason & Isaacson, P.A. (Patrick T. Mason), submits the following Answer to Plaintiff's Complaint (Doc. 1). To the extent not specifically admitted below, the allegations are denied. Answering specifically the paragraphs of the Complaint and utilizing the same paragraph numbering, the Individual Defendant responds as follows:

1. Individual Defendant admits that this case arises under the Federal Tort Claims Act, 28 USC § 2674, et seq., and the Indian Self-Determination and Education Assistance Act of 1975, popularly known as "Public Law 93-638", 25 U.S.C. § 450, et seq. ("ISDEAA"), and denies the remainder of Paragraph 1.

2. Individual Defendant denies the allegations of Paragraph 2.

3. Individual Defendant admits that he was employed under the ISDEAA and was acting within the scope of his duties at the time of the incident, but denies the remainder of Paragraph 3.

4. Individual Defendant admits the allegations of Paragraph 4.

5. Individual Defendant admits the allegations of Paragraph 5.

6. Individual Defendant admits that on January 19, 2013, he made contact with Shawn Slim in the course and scope of his law enforcement duties and employment. This contact was made within the external boundaries of the Navajo Nation, and resulted in a confrontation and ultimately the arrest of Shawn Slim. Individual Defendant denies the remainder of Paragraph 6.

12. As to the allegations of Paragraph 12, Individual Defendant incorporate by reference his preceding answers.

13. Individual Defendant denies the allegations of Paragraph 13.

14. Individual Defendant denies the allegations of Paragraph 14.

15. Individual Defendant denies the allegations of Paragraph 15.

16. Paragraph 16 of the Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, the Individual Defendant denies that Plaintiff is entitled to the relief requested.

17. As to the allegations of Paragraph 17, Individual Defendant incorporate by reference his preceding answers.

18. Individual Defendant denies the allegations of Paragraph 18.

19. Individual Defendant denies the allegations of Paragraph 19.

20. Individual Defendant denies the allegations of Paragraph 20.

21. Paragraph 21 of the Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, the Individual Defendant denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1. The Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust his tribal remedies.

3. The Court may lack subject matter jurisdiction over some or all of the Plaintiffs claims against the Individual Defendant.

4. The Court may lack subject matter jurisdiction over some or all of the Plaintiff's claims due to the Sovereign Immunity of the Navajo Nation and the Individual Defendant.

5. Plaintiff's injuries and damages, if any exist, are attributable to per-existing and/or subsequent conditions and/or incidents.

6. Plaintiff has failed to mitigate his damages, if any exist.

7. The negligence or wrongdoing of the Plaintiff or other third parties has caused or contributed to cause the matters complained of in the complaint.

8. The Plaintiff's complaint is barred by the doctrine of assumption of risk.

9. The FTCA is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the Individual Defendant. 28 U.S.C. § 2679(b)(1) (1996 Supp.) 25 C.F.R. § 900.204 (1996).

10. The Individual Defendant incorporates by reference herein the defenses and affirmative defenses asserted by the Other Defendant to the extent they may be applicable.

11. The Individual Defendant reserve the right to assert other affirmative defenses that may be appropriate after discovery and investigation of the claims being asserted against them have been conducted.

WHEREFORE, Defendant PHILBERT TODDY requests the Court to deny the relief requested by Plaintiff, and for any other relief the Court deems just and proper.

Respectfully submitted this this 18th day of April, 2016.

By /s Patrick T. Mason

Patrick T. Mason
Mason & Isaacson, P.A.
New Mexico Bar No. 27091
P.O. Box 1772
104 E. Aztec Ave.
Gallup, NM 87305-1772
505-722-4463
Fax: 505-722-2629
p.mason@milawfirm.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| David Robert Jordan<br>Law Offices of David R Jordan PC<br>P.O. Box 840<br>Gallup, NM 87305<br>505-863-2205<br>505-604-5709 (fax)<br>david@jordanlegal.com | Kristina Louise Morrison<br>US Attorneys Office - Phoenix, AZ<br>2 Renaissance Square<br>40 N Central Ave., Ste. 1200<br>Phoenix, AZ 85004-4408<br>602-514-7500<br>602-514-7760 (fax)<br>Kristina.Morrison@usdoj.gov |
|---|---|

By /s Patrick T. Mason
Patrick T. Mason
Mason & Isaacson, P.A.
p.mason@milawfirm.net