David R. Jordan, Ariz. Bar No. 013891
***The Law Offices of David R. Jordan, P.C.***
1995 State Road 602
PO Box 840
Gallup, NM 87305-0840
(505) 863-2205
Fax: (866) 604-5709
david@jordanlegal.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| SHAWN SLIM,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA;<br>PHILBERT TODDY,<br><br>        Defendants. | No. CV-15-00785-PHX-DJH<br><br>JOINT CASE MANAGEMENT REPORT |

Pursuant to the order of the Court, the parties state that they met through counsel on May 9, 2016, and they submit the following joint case management report:

**1. The parties in the case, including any parent corporations or entities:**

The remaining parties in this case are Shawn Slim and Philbert Toddy.

**2. The nature of the case, including a description of each claim and each affirmative defense, and identifying the factual and legal issues genuinely in dispute:**

Plaintiff's Statement: Plaintiff asserts that Defendant Toddy, while employed by a federal contractor and while acting within the scope of the Navajo Nation's P.L. 93-638 contract with the United States Bureau of Indian Affairs, engaged in a routine traffic stop of the Plaintiff. While on the traffic stop, Toddy ordered Slim out of the vehicle. He

1

twisted his right arm and pushed Slim to the ground. Slim hit his chin on the pavement as the officer pinned him with extensive force to a point where he couldn't maneuver. Toddy then hit Slim with blunt force to his right cheek three times that produced brief deliria with bruising. Slim yelled twice, "I'm not resisting". Subsequently, Slim's head was quickly crushed on the ground by Toddy's front boot. Toddy stepped down on Slim's left temple to just above my left ear that resulted in visible sole prints, a black eye, an erupted eye vessel and a broken nose. At some point between the three hits, Slim was hand cuffed. Slim was then brought up moaning at the pain of the force he had received while being escorted to the police vehicle.

Plaintiff asserts that these actions by Defendant violated Plaintiff's constitutional rights against the deprivation of life, liberty or property without due process and against an unlawful search and seizure.

Defendant's Statement: Defendant Officer Toddy, while within the course and scope of his employment as a Navajo Nation Police Officer, pursuant to a P.L. 93-638 contract with the United States Bureau of Indian Affairs, engaged in a traffic stop with the Plaintiff. While on the traffic stop, the Plaintiff became aggressive towards Officer Toddy. In the course of the altercation that followed, Officer Toddy used standard defensive maneuvers, which resulted in minor injuries to the Plaintiff.

**3. Jurisdiction:**

Plaintiff's Statement: This Court has jurisdiction based over the two remaining causes of action against Defendant Toddy based upon *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971).

Defendant's Statement: Defendant Officer Toddy states that the FTCA is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the Individual Defendants. 28 U.S.C. § 2679(b)(1) (1996 Supp.) 25 C.F.R. § 900.204 (1996). Further, the Court may lack subject matter jurisdiction over some or all of the Plaintiff's claims due to the Sovereign Immunity of the Navajo Nation and the Individual Defendants.

Additionally, Plaintiff bears comparative fault for the injury for which he seeks damages. *See* Ninth Circuit Model Jury Instruction 6.7; Ariz. Rev. Stat. § 12-2506(B) and (C). Plaintiff also failed to mitigate his damages. Ninth Circuit Model Jury Instructions 5.3. Finally, any recovery or award against the United States must be reduced by those amounts that have been paid, or will with reasonable certainty be paid, to Plaintiff from any collateral source for any past or future claimed economic loss or any other damages. Ariz. Rev. Stat. § 12-566.

4. **Service on Parties:** All parties have been served.

5. **Additional Parties:** No parties are expected to be added.

6. **Contemplated Motions:**

Plaintiff does not contemplate any motions at this time.

Defendant contemplates the following motions, and provides the following statement of issues to be decided on such motions: Motion for Certification and Dismissal that they were acting in their official capacities and seeking dismissal of the individual claims against them on the grounds that the FTCA is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the Individual Defendants. 28 U.S.C. § 2679(b)(1) (1996 Supp.) 25 C.F.R. § 900.204 (1996).

7. **Magistrate Judge:** The parties do not consent to a Magistrate Judge.

8. **Related Cases:** A related case was filed in Navajo Tribal Court, but it was dismissed on jurisdictional grounds. The case was Window Rock District Court Action No. WR-CV-152-14.

9. **Initial Disclosures:** The parties will exchange initial disclosures no later than May 23, 2016.

10. **Issues Relating to Discovery:** The parties do not have any issues regarding discovery or electronically stored information to bring to the Court's attention at this time.

11. **Privilege Or Work Product:** The parties do not have any issues regarding privilege or work product to bring to the Court's attention at this time.

12. **Rule 502(d), Fed.R.Evid:** The parties do not request an order under Rule 502(d), Fed.R.Evid. at this time.

13. **Discovery:**

a. **The extent, nature, and location of discovery anticipated by the parties:** The parties intend to serve requests for production, interrogatories and requests for admissions. They intend to depose each others' witnesses. Most of the discoverable information is located in Window Rock, and may have to be obtained from the Navajo Nation by subpoena enforced in tribal court.

b. **The scope of discovery and whether discovery should be conducted in phases or should be limited to focus on particular issues:** The parties intend to engage in discovery on all issues permitted under Rule 26(b)(1), Fed.R.Civ.P. They do not see any advantage to splitting discovery into phases.

c. **Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure:** The parties do not suggest changes to the limitations imposed by the Federal Rules of Civil Procedure, and they agree to conduct discovery within those limitations.

d. **The number of hours permitted for each deposition, unless modified by agreement of the parties.** The parties will limit depositions to one day, seven hours, unless modified by agreement of the parties.

14. **Deadlines:**

  a. **Fact Discovery Deadline:** January 27, 2017

  b. **Expert Disclosures Deadline:** November 18, 2016

  c. **Expert Depositions Deadline:** January 27, 2017

  d. **Dispositive Motions Deadline:** March 3, 2017

  e. **Deadline for Face-To-Face Settlement Talks:** February 24, 2017

15. **Jury Trial:** Plaintiff has requested a jury trial. Defendant takes the position that, since this is a case properly brought against the United States of America, a jury trial would not be proper.

16. **Estimated length of trial:** Four days.

17. **Prospects For Settlement:** The parties are optimistic that this matter will settle, and they intend to discuss settlement on an ongoing basis.

*/s/ David R. Jordan, filed electronically 6/6/16*

*/s/ Patrick Mason, filed electronically 6/6/16*